UNITED STATES of America, Plaintiff—Appellee,

v.

Alan PARDOFIGUEROA, Defendant—Appellant.

No. 05–50834.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Becky S. Walker, Esq., Douglas M. Miller, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: FERNANDEZ, KLEINFELD and BERZON, Circuit Judges.

MEMORANDUM **

Alan Pardofigueroa appeals from the district court's judgment and 27–month sentence imposed following his guilty-plea

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

conviction to Conspiracy, in violation of 18 U.S.C. § 371, Fraud and Misuse of Documents, in violation of 18 U.S.C. § 1546(a), and False Statements, in violation of 18 U.S.C. § 1001. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pardofigueroa contends that the district court erred by applying a preponderance of the evidence standard, rather than the beyond a reasonable doubt standard, when determining whether the factual predicate for a sentencing enhancement had been met. This contention is foreclosed by *United States v. Kilby,* 443 F.3d 1135, 1143 (9th Cir.2006) (holding that under the advisory guidelines, a district court should resolve factual disputes at sentencing by applying the preponderance of the evidence standard).

Pardofigueroa also contends that the district court plainly erred by imposing a condition of supervised release that required him to report to his probation officer within 72 hours of re-entering the United States because such a condition violates his Fifth Amendment right against self-incrimination. This contention is foreclosed by *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006) (holding that a condition of supervised release that requires a defendant to report to his probation officer upon re-entry to the United States does not violate the defendant's Fifth Amendment right against self-incrimination).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).